

to do so. We believe *Witt* was properly decided. It has been followed numerous times by this court. United States v. Vansant, 423 F.2d 620, 621 (9th Cir. 1970); Corwin v. United States, 423 F.2d 33, 34 (9th Cir.), cert. denied, 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970); United States v. Reyes-Meza De Polanco, 422 F.2d 1304, 1305 (9th Cir.), cert. denied, 397 U.S. 1081, 90 S.Ct. 1536, 25 L.Ed.2d 817 (1970) and United States v. Cordova, 421 F.2d 471, 475 (9th Cir.), cert. denied, 398 U.S. 941, 90 S.Ct. 1855, 26 L.Ed.2d 276 (1970).

The judgment is affirmed.

Eli Naffah, Cleveland, Ohio, for plaintiffs-appellants; Franklin A. Polk, Cleveland, Ohio, on brief.

Daniel J. O'Laughlin, Cleveland, Ohio, for defendants-appellees; Squire, Sanders & Dempsey, John L. Dowling, Asst. Pros. Atty. of Cuyahoga County, Cleveland, Ohio, on brief.

Before WEICK, EDWARDS, and Mc-CREE, Circuit Judges.

**Robert BENNETT et al., Plaintiffs-Appellants,**

v.

**CITY OF CLEVELAND et al., Defendants-Appellees.**

**No. 19789.**

United States Court of Appeals, Sixth Circuit.

Feb. 20, 1970.

## ORDER

This is an appeal from an order dismissing for failure to state a federal cause of action, a complaint seeking a declaration that Section 10 of the Charter of the City of Cleveland is unconstitutional under the Fourteenth Amendment of the United States Constitution. Section 10 provides:

§ 10 Selection of Candidates.

The number of candidates for member of Council in each ward shall be the two candidates on the primary election ballot receiving the highest number of votes at the primary election. Provided that if any candidate at a primary election shall have received a majority of all of the votes cast for such office at the primary election he shall be the candidate for such office at the regular municipal election. In case there shall not be for any office more than two persons who shall have filed petitions as provided in this Charter, the said persons shall be the candidates at the regular municipal election and the primary for that particular office shall not be held.

The name of each person who is nominated in compliance herewith

shall be printed on the official ballot at the general election, and the names of no other candidates shall be printed thereon.

Upon consideration, it is ordered that the judgment be and it hereby is affirmed because the complaint does not present a substantial federal question.

Harry W. THERIAULT, Petitioner-Appellant,

v.

U. S. A., ex rel., STATE OF MISSISSIPPI, J. Edgar Hoover, FBI Director; Olin G. Blackwell, Warden, U. S. Penitentiary, et al., Respondents-Appellees.
No. 29900
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1970.

Harry W. Theriault, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Harry W. Theriault appeals from the District Court's denial of his petition for habeas corpus and other relief. We affirm.

Appellant has contended that officials in the United States Penitentiary in Atlanta have kept him in "close custody" solely on the basis of certain prior convictions in the State of Mississippi, which he alleges were obtained in violation of his constitutional rights.

The District Court held that in the appellant's case, his "close custody" was based on the large number of fed-

---

* Rule 18, 5th Cir.; *See* Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.